**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

IN RE:

EDNA ELAINE SHERMAN,    CASE NO.    01-20719-PCY5

    Debtor    CHAPTER 7

JOHN E. VENN, JR., as Trustee,

    Plaintiff,

vs.    ADVERSARY NO.    04-5011-LMK

EDNA ELAINE SHERMAN,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on cross-motions for summary judgment filed by both parties to this adversary proceeding. On June 24, 2004, John E. Venn, Jr, as Chapter 7 trustee (the "Trustee"), filed a complaint seeking a determination of whether certain settlement proceeds are property of the estate. The Trustee filed his Motion for Summary Judgment on September 8, 2004, and the Defendant-Debtor Edna Elaine Sherman (the "Defendant") filed her Motion for Summary Judgment on October 14, 2004, and an affidavit in support of her motion on November 12, 2004. This Court has jurisdiction over this matter and this is a core proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(b)(1). For the reasons set forth herein, the Trustee's motion will be granted and the Defendant's motion will be denied.

**FACTS**

The facts of the case are straightforward and uncontroverted. Defendant filed her Chapter 7 bankruptcy petition on October 3, 2001. She had been employed by Sunbelt Leasing Services, Inc., and ADP Total Sources III, Inc., (collectively, the "Company") from February, 2000, through August, 2001. Defendant alleges that from November, 2000, until her separation from the Company

in August, 2001, she was both sexually harassed and retaliated against for complaining about the harassment. At the time of filing her petition, Defendant was represented by attorney Richard Johnson in her sexual harassment and retaliation claim against the Company. The Trustee then engaged Johnson to represent the estate in this claim.

On November 13, 2003, the Trustee, the Defendant, Johnson, and the Company agreed to a settlement of all claims of the Defendant and the estate against the Company, which resulted in a $90,000.00 payment to the estate in settlement of the sexual harassment and retaliation claim (the "Settlement Proceeds"), and an additional payment of $5,000.00 to the Defendant for a confidentiality/non-disclosure agreement. The Settlement Proceeds were paid in one lump sum to the Trustee and were not apportioned in any way. The Trustee filed this adversary proceeding against the Defendant in order to determine the rights of the estate and of the Defendant to the Settlement Proceeds. The Defendant claims that the portion of the Settlement Proceeds attributable to her post-petition lost future earnings are not property of the estate, while the Trustee contends that they are. A hearing was held on December 7, 2004, on the parties' cross-motions for summary judgment on this issue.

## DISCUSSION

*Summary Judgment Standard*

The parties moved for summary judgment under Federal Rule of Civil Procedure 56, made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. The concept of summary judgment is based upon the principle that "if the court is made aware of the absence of genuine issues of material fact, the court should, upon motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding the delay and expense associated with a trial." *Menotte v. Pulte (In re Martin)*, 278 B.R. 634, 639 (Bankr. S.D. Fla. 2002) (citing *United States v. Feinstein*, 717 F.Supp. 1552 (S.D. Fla. 1989)). A court is required to enter judgment for the moving party if the record reflects that there is no genuine issue of material fact to be resolved and that the moving party is entitled to judgment as a matter of law. *Markham v. Lerner*

*(In re Diagnostic Instrument Group, Inc.)*, 283 B.R. 87, 92 (Bankr. M.D. Fla. 2002).

Because the parties are in agreement as to the facts of this case, I find that there are no issues of material fact to be resolved. Therefore, discussion in this case will be limited to my determination that, as a matter of law, the portion of the Settlement Proceeds allocable to the Defendant's post-petition lost future earnings is property of the estate.[1]

*The 11 U.S.C. §541(a)(6) "Earnings Exception"*

The Defendant argues that the portion of the Settlement Proceeds that can be allocated to lost future earnings are excepted from the definition of property of the estate by the so-called "earnings exclusion" found in 11 U.S.C. §541(a)(6). Other courts that have considered whether a pre-petition cause of action for the post-petition loss of earnings constitutes property of the estate have also framed the issue as a question under §541(a)(6). *See*, e.g., *In re Coltellaro*, 204 B.R. 640 (Bankr. S.D. Fla. 1997); *In re Lerocque*, 164 B.R. 4 (Bankr. D.N.H. 1994). However, I agree with the court in *In re Ballard*, 238 B.R. 610 (Bankr. M.D. La., 1999), which held that "§541(a)(6) is not the source of the general 'earnings exemption,' [sic] but rather excludes from the estate only those earnings of the debtor from post-petition services that are *derived from estate property*, as proceeds, product, profit, rents, . . ., of or from estate property." *Id*. At 622 (emphasis in original).[2]

---

[1] I do not address the issue of whether or not the Defendant has a right to exempt any of the Settlement Proceeds because the parties have stipulated as to that issue.

[2] Even if §541(a)(6) was a general earnings exception to inclusion as property of the estate, the Settlement Proceeds would still be property of the estate, as I have previously held that "earnings from services *not* performed by a debtor are not excluded [from property of the estate] under §541(a)(6)." *In re McDaniel*, 141 B.R. 438 (Bankr. N.D. Fla. 1992). In addition, most courts considering this issue within the framework of a §541(a)(6) earnings exception find that portions of a settlement "which represent compensation for loss of future earnings as opposed to payment for actual , postpetition services by the debtor" are not included in the (a)(6) exception. *In re Williams*, 197 B.R. 398, 402 (Bankr. M.D. Ga. 1996). *See, also, In re Carson*, 82 B.R. 847, 851-52 (Bankr. S.D. Ohio 1987). *But, cf, In re Coltellaro*, 204 B.R. 640 (Bankr. M.D. Fla. 1997)(holding otherwise).

The plain language of the statute supports this conclusion. Section 541, Property of the Estate, provides, in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> . . .
> (6) Proceeds, products, offspring, rents, or profits of or from property of the estate, *except such as are* earnings from services performed by an individual debtor after the commencement of the case. (Emphasis added)

Therefore, §541(a)(6) is *not* a general exclusion from property of the estate. Rather, it *includes* "[p]roceeds, products, offspring, rents, or profits," from property of the estate as property of the estate as well, *unless* such proceeds, products, offspring, rent, or profits are earned by the debtor's post-petition service to the estate. The (a)(6) exception therefore does not exclude post-petition wages received by the debtor from sources other than the estate. *See Ballard*, 238 B.R. at 623. Because the Defendant did not perform services to the estate post-petition, her argument that a portion of the Settlement Proceeds are excluded from property of the estate by §541(a)(6) is without merit.

*Lost Future Earnings are Property of the Estate*

Because I have found that §541(a)(6) does not exclude the Settlement Proceeds from property of the estate, I must now consider if they are included or excluded under the general provisions of 541(a)(1). Section (a)(1) includes as property of the estate all legal or equitable interests of the debtor in property as of the commencement of the case. The exceptions found in 541(b) and 541(c)(2) are inapplicable to this case, so the issue before me is whether the Defendant had a legal or equitable interest in the Settlement Proceeds at the time of the commencement of her case. For the following reasons, I conclude the Defendant's interest in the Settlement Proceeds was fully accrued pre-petition and that, as such, the entire amount of the Settlement Proceeds is property of the estate.

"Pre-petition causes of action are part of the bankruptcy estate and post-petition causes of

action are not." *Witko v. Menotte (In re Witko)*, 374 F.3d 1040, 1042 (11th Cir. 2004). If claims are "sufficiently rooted in the pre-bankruptcy past," then they will be included as property of the estate. *Id.* (citing *Segal v. Rochelle*, 382 U.S. 375(1986)(holding tax refunds for the previous year were property of the estate, even though received post-petition, because all of the predicates for receiving the refunds occurred pre-petition)). Defendant's cause of action against the Company was completely rooted in her pre-bankruptcy past–nothing else had to happen in order for her to assert her claim against it. In her motion for summary judgment, the Defendant admits that the cause of action that was the basis of the settlement accrued pre-petition. (¶ 9), but argues that since the amount of damages for lost future wages were partially incalculable until some time post-petition, they cannot be included in property of the estate.

While the Defendant's actual post-petition earnings would not be property of the estate (under §541(a)(1), not §541(a)(6)), the "cause of action for lost post petition wages is itself a pre-petition interest in property," expressly included as property of the estate by 541(a)(1). *Ballard*, 238 B.R. at 624. In addition, awards for lost future wages are based on a hypothetical fact situation–assuming that, *but for* the injury caused by the Company, the Defendant would have continued with the Company, earning the same amount of money. But, of course, it is possible that even without the Company's bad acts, the Defendant might have taken ill or otherwise been unable to work. Therefore, "what might have happened in the future is merely a way of valuing a pre-petition asset–the cause of action." *Ballard*, 238 B.R. at 622. It does not matter that some of that value could not be calculated until after the Defendant filed her petition. The harm to the Defendant was complete in August, 2001, when she left her job, which was before she filed for bankruptcy in October, 2001. The Defendant's computation of lost future earnings included as part of the settlement with the Company was merely placing a value on the her pre-petition asset–the cause of action against the Company– much like how calculating a tax refund in April is merely placing a value on an asset that was accrued during the prior year.

**CONCLUSION**

For the reasons articulated above, I find that there are no genuine issues of material fact in this case. As a matter of law, the entire amount of the Settlement Proceeds, including the amount attributable to the Defendant's post-petition lost future wages, is property of the Defendant's bankruptcy estate, and summary judgment is appropriate for the Trustee. Accordingly, it is

ORDERED AND ADJUDGED that the Trustee's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment is DENIED.

DONE AND ORDERED at Tallahassee, Florida this __22nd__ day of December, 2004.

_/s/ Lewis M. Killian, Jr._
Lewis M. Killian, Jr.
United States Bankruptcy Judge

cc:    All parties in interest